■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HARRELL, Also Known as TIM HERRERA, Appellant. [863 NYS2d 686]—Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered October 3, 2006, convicting defen-

---

* Not surprisingly, the jury found that Toyos's negligence was not a factor in causing the accident.

dant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously reversed, on the law, and the matter remanded for a new trial.

In *People v De Los Santos* (50 AD3d 455 [2008]), this Court reversed the codefendant's conviction on the ground that the trial court improperly denied a challenge for cause to a prospective juror who had expressed doubt about his ability to be impartial. We see no reason to reach a different result with regard to defendant, who was similarly situated to the codefendant in all respects. We find it unnecessary to reach any other issue. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ.